IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA SOHAL, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-01941 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 26, 2011 at 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively denies** the motions to dismiss the wrongful foreclosure claim and **tentatively concludes** that the tender rule does not apply, and it **tentatively grants** the motion to dismiss the declaratory relief claim. The Court reserves issuing a tentative ruling on the remaining claims. The parties each shall have twenty (20) minutes to address the questions that follow.

1. The arguments in Defendants' motions to dismiss and Plaintiffs' opposition briefs revolve around whether or not Wells Fargo remained the beneficiary under the Deed of Trust and, thus, had the power to initiate foreclosure proceedings. Plaintiffs allege that Wells Fargo sold the Promissory Note *and* the Deed of Trust to Freddie Mac before the non-judicial foreclosure proceedings began. Plaintiffs submit a letter from Freddie Mac which states that it is "the owner of [Plaintiffs'] mortgage." (FAC ¶¶ 24, 36, Ex. D.) Plaintiffs also attach a copy of an Assignment of Deed of Trust, which purports to show that Wells Fargo did not assign the Deed of Trust to Freddie Mac until January 2011. (*Id.* ¶ 60, Ex. J.) Plaintiffs allege, however, that this document was "robo-signed" and is forged. (*Id.* ¶ 61.)

    a. What is Defendants best argument that, if the Court accepts all of Plaintiffs' allegations as true, Exhibit J clearly contradicts Plaintiffs' allegations that Freddie Mac purchased the Promissory Note *and* the Deed of Trust prior to January 2011? That is, what is Defendants' best argument that this is an issue that can be resolved on a motion to dismiss?

    b. Plaintiffs' allegations of robo-signing are made on information and belief. Where in the FAC can the Court find the facts or information which leads Plaintiffs to believe that fact is true? *See, e.g., Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *cf. Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1158 (2011) (citing *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 551 n.5 (2007)). Lacking such information, what is Plaintiffs' best argument that the Court can accept these allegations as true?

2

  c. Plaintiffs also allege that Wells Fargo acted as Freddie Mac's agent. (*See, e.g.,* FAC ¶ 116.) If the Court accepts that allegation as true, and if the Court accepts Plaintiffs' allegations that Freddie Mac was the beneficiary under the Deed of Trust, why should the Court not assume as true that, as Freddie Mac's agent, Wells Fargo had the authority to substitute Cal-Western as Trustee, giving Cal-Western the authority to initiate non-judicial foreclosure proceedings?

2. In their claim for breach of contract, Plaintiffs allege that the contract is the Promissory Note and the Deed of Trust. (FAC ¶ 80.) A fair reading of the FAC in its entirety demonstrates that Plaintiffs allege that the alleged breach occurred on or about June 21, 2010, when the Notice of Default was recorded. Plaintiffs' performance or excuse for non-performance is an essential element of this claim. However, Plaintiffs allege that they performed under the contract only until March 2010. (FAC ¶ 81.) Assuming the Court concludes that there are disputed facts as to whether Freddie Mac was in fact the beneficiary under the Deed of Trust prior to January 2011, on what factual and legal basis do Plaintiffs contend they were excused from continuing to perform their obligations under the alleged contract?

3. Under California law, "[l]iability may ... be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 846 (1994). Is the Court correct that Plaintiffs rely solely on an aiding and abetting theory to argue that Freddie Mac and Cal-Western are liable to Plaintiffs on the claims for fraud, negligent misrepresentation, and negligence? (*See* Docket No. 35, Opp. Br. re Freddie Mac Mot. at 9:18-10:14.)

3

     a. What is Plaintiffs' best argument that the allegations in the FAC are sufficient to state these claims against Freddie Mac and Cal-Western on an aiding and abetting theory?

4. Would Plaintiffs agree that they would obtain the declaratory relief they seek if the Court, or a jury, were to find in their favor on their other claims for relief? That is, would Plaintiffs agree that this relief sought by this claim is duplicative of their other claims?

5. If the Court were to grant the motions to dismiss, what additional facts, if any, would Plaintiffs seek to include in a Second Amended Complaint?

6. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: August 25, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE