**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA SOHAL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-01941 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Dismiss filed by Wells Fargo Bank, N.A. ("Wells Fargo") ("Wells Fargo Mot."). (Docket No. 29). This matter also comes before the Court upon consideration of the Motion to Dismiss filed by Federal Home Loan Mortgage Corporation ("Freddie Mac") and Cal-Western Reconveyance Corporation ("Cal-Western"), in which LSI Title Company ("LSI") joins ("Freddie Mac Mot."). (Docket Nos. 33-1, 37.) The Court has considered the parties' papers, relevant legal authority, the record in this case, and it has had the benefit of oral argument. The Court HEREBY GRANTS IN PART AND DENIES IN PART the motions to dismiss.

## BACKGROUND

On or about December 11, 2007, Plaintiffs applied for and obtained a loan in the amount of $417,000 from Wells Fargo to purchase property located at 8552 Briarwood Lane, Dublin,

California (the "Property").[1]  (*See* First Amended Complaint ("FAC") ¶¶ 21-22, Ex. B, Promissory Note, Ex. C, Deed of Trust.)  The Deed of Trust identifies the "Lender" as Wells Fargo, and it provides that "Lender is the beneficiary under this Security Instrument."  (FAC ¶ 37, Deed of Trust at 2.)  The Deed of Trust also provides that Fidelity National Title Insurance Company ("Fidelity"), is the Trustee, and it provides that "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder, by an instrument executed an acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located."  (Deed of Trust, at 16 § 24.)

Plaintiffs allege that Wells Fargo sold the Promissory Note *and* the Deed of Trust to Freddie Mac shortly after they obtained the loan and before non-judicial foreclosure proceedings began.  (FAC ¶¶ 24, 36, 78, Ex. D ("Freddie Mac is the owner of your mortgage, and WELLS FARGO BANK services the mortgage on our behalf.").)

At some point in 2009, "Plaintiffs suffered financial distress and fell behind on making the scheduled monthly loan payments to Wells Fargo."  (FAC ¶ 30.)  "In early 2010, Plaintiffs requested assistance from Wells Fargo to modify the terms of the" loan.  (*Id.* ¶ 33.)  Plaintiffs hired a consultant to assist in these efforts.  According to Plaintiffs, their consultant communicated in writing and by telephone with various Wells Fargo agents, who represented that Wells Fargo was ready, willing and able to modify the loan and that it would not foreclose upon the Subject Property.  (*Id.* ¶¶ 34-35.)

On or about June 10, 2010, Cal-Western "as Attorney-in-Fact" for Wells Fargo executed a Substitution of Trustee, in which it purported to substitute Cal-Western as Trustee for Fidelity.  That document states that Wells Fargo is the "present beneficiary" under the Deed of Trust.  (FAC ¶ 40, Ex. E, Substitution of Trustee.)  The document was notarized on August 16, 2010, and was recorded on August 24, 2010.  (*Id.*)  Plaintiffs allege, on information and belief, that the Substitution of Trustee was "robo-signed."  (*Id.* ¶ 41.)

---

[1] Ms. Sohal is a member and manager of X Pizza LLC d/b/a Angels Ilie & Maria Golden Age Care, which owns and operates a California-licensed Residential Care Facility for the Elderly ("RCFE") on the Subject Property. (FAC ¶¶ 1, 4, 26-29.)

2

On or about June 19, 2010, Cal-Western, through LSI Title Company, signed a Notice of Default. That notice specifies that Cal-Western "is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust dated December 12, 2007." The notice of default was recorded on June 21, 2010. (FAC ¶ 38, Ex. E, Notice of Default.) Plaintiffs allege on information and belief that the Notice of Default was "robo-signed." (FAC ¶ 39.)

Cal-Western recorded a Notice of Trustee's Sale for October 12, 2010, which Plaintiffs also allege on information and belief was robo-signed. (*Id.* ¶¶ 42-43, Ex. G, Notice of Trustee's Sale.) Thereafter, Plaintiffs continued to negotiate a loan modification, and the Trustee's Sale was postponed several times. (FAC ¶¶ 44-56.) Plaintiffs also allege that on January 11, 2011, their loan consultant spoke with "Wells Fargo representative Kevin," who stated that no trustee's sale was scheduled, and they allege that, on January 13, 2011, their consultant was told that the trustee's sale was "halted." (FAC ¶¶ 56-57.)

Notwithstanding Wells Fargo's alleged representations to Plaintiffs, the Trustee's sale went forward on January 13, 2011. According to Plaintiffs, they learned on January 18, 2011, that the Trustee's Sale had gone forward. On that date, Plaintiffs allege that they were advised by "Melody," a Cal-Western representative, that the property had "reverted back to Wells Fargo." (*Id.* ¶ 64.) Contrary to this representation, Plaintiffs allege that Freddie Mac purchased the Subject Property at the Trustee's Sale. (*Id.* ¶ 60, Ex. J, Assignment of Deed of Trust, Ex. K, Trustee's Deed Upon Sale.) On or about February 1, 2011, Freddie Mac served a Notice to Quit and, thereafter, filed an unlawful detainer action. (*Id.* ¶ 66, Ex. L.) That case remains pending in state court.

Plaintiffs filed their original complaint in the Superior Court of the State of California for the County of Alameda on April 13, 2011. On April 21, 2011, Freddie Mac removed this action pursuant to 12 U.S.C. § 1452(f). On May 24, 2011, in response to a motion to dismiss, Plaintiffs filed the FAC, in which they assert claims for wrongful foreclosure, breach of contract, promissory estoppel, fraud, negligent misrepresentation, negligence, violations of

California Business and Professions Code § 17200 ("Section 17200"), and for relief under the Declaratory Judgment Act.

## ANALYSIS

**A.  Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994),

4

*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

**B.     The Court Grants, In Part, Wells Fargo's Request for Judicial Notice.**

Wells Fargo requests that the Court take judicial notice of the Deed of Trust, the Notice of Default, the Substitution of Trustee, the Notice of Trustee's Sale, and the Trustee's Deed Upon Sale, each of which also are attached to the FAC. A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiffs do not object to the Court taking judicial notice of the existence of these documents or of the fact that they were recorded. However, they argue that the Court should not take judicial notice of "substantive facts" therein, *i.e.* whether they identify the correct beneficiary or trustee. (Docket No. 34, Opp Br. to Wells Fargo Mot. at 3:4-17.) The Court shall take judicial notice of the existence of the documents and the date on which they were recorded. However, for purposes of this motion, it shall not assume the truth of the facts therein. *See, e.g., Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *accord Fontenot v. Wells Fargo Bank*, __ Cal. Rptr. 3d __, 2011 WL 2506117, at *5 (Cal. App. Aug. 11, 2011).

**C.     The Motions to Dismiss Are Granted in Part and Denied in Part.**

**1.     The Tender Requirement Is Not Applicable on the Facts Alleged.**

Each of the Defendants move to dismiss all of Plaintiffs' claims on the basis that they have not tendered the full amount of the loan. (*See* Docket No. 33-1, Freddie Mac Motion at 3:16.) "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a *voidable* sale under a deed of trust." *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (emphasis added); *see also Arnolds Mgmt. Corp. v. Eischen*, 158

5

Cal. App. 3d 575, 578 (1984) ("[A]n action to set a side a trustee's sale for irregularities in the sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."). A plaintiff must allege facts demonstrating both a willingness and ability to pay the amount of indebtedness. *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009).

"The rationale behind the [tender] rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021 (1989). Courts, however, do not require tender when a plaintiff is not relying on equity to set aside a trustee sale and, instead, alleges that the sale was void, rather than voidable. *See, e.g., Dimock v. Emerald Properties, LLC,* 81 Cal. App. 4th 868, 878 (2000); *Montoya v. Countrywide Bank, F.S.B.*, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009) (citing *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 281, 291 (1911)).

It is undisputed that Plaintiffs have not tendered the amount due, and, at the hearing, they conceded they could not tender. However, Plaintiffs allege that Wells Fargo, Cal-Western, and LSI did not have proper authority to initiate non-judicial foreclosure proceedings, because Freddie Mac obtained the power of sale under the Deed of Trust. (FAC ¶¶ 24, 36, 78, Ex. D.) Thus, according to Plaintiffs' theory of the case, Wells Fargo no longer retained the authority to substitute Cal-Western as trustee and, as a result, Cal-Western did not have the power to initiate foreclosure proceedings. *Cf., Ferguson v. Avelo Mortg. Co.*, 195 Cal. App. 4th 1618, 1627-28 (2011) (concluding that party who was not beneficiary under deed of trust did not have authority to execute substitution of trustee, but finding that any defect or irregularity did not affect validity of sale, because sale was not completed until substitution of trustee took effect).

Defendants argued at the hearing that, under California Civil Code § 2934a(d), the recorded Substitution of Trustee is "conclusive evidence," of Cal-Western's authority to initiate the non-judicial foreclosure proceeding. However, Section 2394a also provides that "all beneficiaries under the trust deed, or their successors in interest," must execute or acknowledge

6

the substitution. Cal. Civ. Code § 2934a(a)(1)(A). Plaintiffs allege Freddie Mac succeeded to Wells Fargo's rights under the Deed of Trust, and allege that it did not execute or acknowledge the substitution of Cal-Western in favor of Fidelity. As such, the Court finds Defendants' arguments regarding the effect of Section 2934a(d) to be unpersuasive. Ultimately, Plaintiffs may not be able to prove that, in fact, Freddie Mac was the beneficiary under the Deed of Trust with the power of sale. However, this is a motion to dismiss, and the Court cannot state as a matter of law that the allegations do not support an inference that the trustee's sale was void, rather than voidable.

Accordingly, the Court concludes that the tender rule does not apply, and it denies, in part, Defendants' motions to dismiss to the extent they rest on this argument.

**2.      The Court Dismisses, in part, the Wrongful Foreclosure Claim.**

Each of the Defendants also move to dismiss the wrongful foreclosure claim on the basis that Wells Fargo was the beneficiary under the Deed of Trust at the time it substituted Cal-Western as trustee and, thus, Cal-Western, through its agent LSI, had the authority to initiate the foreclosure proceedings. For the reasons set forth above, their motions to dismiss are denied on this basis. *Cf., Dimock*, 81 Cal. App. 4th at 875-78.

Cal-Western and LSI also argue that they are permitted by statute to rely on the information provided by Wells Fargo and that, therefore, they need not confirm the information is correct. California Civil Code § 2924(b) provides that a "trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the ... deed of trust ...." Cal. Civ. Code § 2924 (b). Plaintiffs only allegations of bad faith pertain to the fact that various documents were robo-signed. However, Plaintiffs have not alleged facts setting forth the basis on which they are informed and believe those allegations are true. *See, e.g., Nuebronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Accordingly, the Court concludes Plaintiffs have stated a claim for wrongful foreclosure against Freddie Mac and Wells Fargo, but have not stated that claim against Cal-Western and LSI, and the Court grants, in part, and denies, in part, the motions to dismiss on that basis.

7

//

//

### 3. The Court Dismisses the Breach of Contract Claim.

Plaintiffs assert their claim for breach of contract only against Freddie Mac. In order to state a claim for breach of contract, Plaintiffs must allege facts showing: (1) the existence of a contract, whether oral or in writing; (2) that Plaintiffs performed or had an excuse for non-performance; (3) Freddie Mac breached the terms of the contract; and (4) Plaintiffs suffered damage as a result of Freddie Mac's breach. *See, e.g., Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Plaintiffs allege that the alleged contract is the Promissory Note and the Deed of Trust, and they allege that Freddie Mac breached that contract "by obtaining title to the Property through a non-judicial foreclosure proceeding without following the relevant provisions of the Contract, the Note, the Deed of Trust," and California Civil Code. (FAC ¶¶ 80, 83.)

Plaintiffs allege that they performed under the contract only until March 2010. (FAC ¶ 81.) Plaintiffs, however, allege that Freddie Mac's alleged breach occurred *after* Plaintiffs had defaulted and, thus, arguably were in material breach of their obligations under the Promissory Note and Deed of Trust. At the hearing, Plaintiffs argued that both the Promissory Note and the Deed of Trust contemplate that non-payment equates with performance under the terms of those documents. Plaintiffs referred the Court to Sections 19 and 20 of the Deed of Trust. Plaintiffs also allege that "[i]n the case of Plaintiffs' default on their payment obligations, including without limitation, Sections 6(E) and 10 of the Note, and Sections 19, 22, and 24 of the Deed of Trust, if it chooses to invoke its power of sale." The Court has reviewed these provisions and finds they do not support Plaintiffs' argument that non-payment could constitute performance. Plaintiffs argued that, in the alternative, they were excused from performing because they were negotiating for a loan modification and paid $5000 for the right to participate in a loan modification program. (*See, e.g.,* FAC ¶¶ 46-47, Ex. I.) Again, however, Plaintiffs had already defaulted on their obligations at this time. In essence, Plaintiffs allege that their financial difficulties made it more difficult to perform their obligations under the terms of the Promissory

8

1 Note and Deed of Trust.  However, in general, mere difficulty in performing the terms of a
2 contract is not a valid excuse for non-performance.  *See, e.g., Standard Iron Works v. Globe*
3 *Jewelry & Loan, Inc.*, 164 Cal. App. 2d 108, 117-18 (1958).  Plaintiffs have failed to allege
4 facts demonstrating an excuse for non-performance.

Accordingly, the Court grants Freddie Mac's motion to dismiss this claim.

### 4. The Court Denies the Motions to Dismiss the Promissory Estoppel Claim.

Plaintiffs assert also assert a claim against Wells Fargo and Freddie Mac for Promissory Estoppel.  Plaintiffs seek to hold Freddie Mac liable under this claim on the basis that Wells Fargo was its alleged agent.  (FAC ¶ 92.)  In order to state this claim, Plaintiffs must allege facts showing that: (1) Wells Fargo and/or Freddie Mac made a promise that was clear and unambiguous in its terms; (2) that Plaintiffs relied on that promise; (3) that Plaintiffs reliance on the promise was reasonable and foreseeable; and (4) Plaintiffs were injured as a result of their reliance on the promise.  *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011).

Wells Fargo and Freddie Mac argue that the promises were not clear and unambiguous.  The Court disagrees.  Wells Fargo allegedly promised Plaintiffs that it "was negotiating a loan modification in good faith, that it would not foreclose upon the Property, and that it would inform Plaintiffs of any scheduled trustee's sale."  (FAC ¶ 88; *see also id.* ¶¶ 35, 44-57.)  Wells Fargo also argues that the Court should dismiss the claim, because the alleged promises are barred by the statute of frauds, and it relies on *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544 (2008).

In that case, the court held that "an agreement by which a lender agreed to forbear from exercising the right of foreclosure under a deed of trust securing an interest in real property comes within the statute of frauds."  *Id.* at 547.  The plaintiffs in the *Secrest* case challenged a judgment that declared a notice of default, and the election to sell under the deed of trust, to be valid by relying on a forbearance agreement.  The court concluded the forbearance agreement modified the note and deed of trust by, *inter alia*, altering the lender's ability to exercise its right of foreclosure and, thus, concluded it fell within the statute of frauds.  Because the

9

1  forbearance agreement was not signed by the lender, the court concluded it could not be
2  enforced.

3  Here, Plaintiffs allege that Wells Fargo agreed it would forebear from exercising its
4  right of foreclosure. (*See* FAC ¶¶ 46, 55-57.) Under *Secrest*, such an agreement falls within the
5  statute of frauds. However, Plaintiffs attach a letter dated October 20, 2010, from Wells Fargo,
6  that states it would consider a loan modification and that Plaintiffs should submit $5000 and a
7  completed financial statement to begin the process. (FAC, Ex. I.) Wells Fargo also stated that
8  "[f]oreclosure action will not be placed on hold until you have returned the signed agreement
9  and the required initial payment." (*Id.*) Plaintiffs allege they complied with these requirements.
10 (FAC ¶¶ 47-48.) On this record, the Court cannot conclude that the statute of frauds will
11 preclude Plaintiffs from pursuing this claim.

12 Plaintiffs, in turn, argue that they have stated a claim and rely on *Aceves*, *supra*. In that
13 case, the court concluded that the plaintiff had stated a claim for promissory estoppel on the
14 basis that the defendant represented to her that it would work to modify her loan if she did not
15 convert a Chapter 7 bankruptcy proceeding into a Chapter 13 bankruptcy proceeding. *Id.* at
16 226-27. The court noted that in a Chapter 13 bankruptcy proceeding, plaintiff would have the
17 option of retaining the property. Based on that fact, the court concluded it was both reasonable
18 and foreseeable for the plaintiff to have relied on the defendants' representations. *Id.* at 227-28.
19

20 Plaintiffs allege that in reliance on Wells Fargo's promises to negotiate with them on a
21 loan modification, they did not take action that might have protected their rights to the property,
22 such as reinstating the loan or taking legal action prior to the sale, including filing a bankruptcy
23 proceeding. (FAC ¶ 89.) Unlike in *Aceves*, Plaintiffs had not already instituted legal
24 proceedings to stop the sale and they do not allege that Wells Fargo asked them not to take such
25 action. However, as noted, Plaintiffs run an RCFE on the Property, and they also allege that
26 they "did not anticipate nor plan to relocate the Residents under California laws and regulations
27 relating to licensed elderly care facilities." (*Id.* ¶ 90.) The Court finds that these additional
28 facts distinguish this case from cases where courts have found that vague allegations of

10

1  forgoing legal action are insufficient to plead detrimental reliance. *See, e.g., Mehta v. Wells*
2  *Fargo Bank, N.A.*, 2011 WL 1157861, at *2-3 (S.D. Cal. Mar. 29, 2011); *Newgent v. Wells*
3  *Fargo Bank, N.A.*, 2010 WL 761236 (S.D. Cal. Mar. 2, 2010). Finally, in light of the letter
4  attached as Exhibit I to the FAC, the Court concludes Plaintiffs have alleged facts
5  demonstrating that their reliance was both reasonable and foreseeable.

6  Freddie Mac also argues that this claim must be dismissed because Plaintiffs failed to
7  allege facts to show they were injured. However, Plaintiffs allege that as of now they have lost
8  the Property and that they are in danger of being evicted from that Property, at which they
9  operate their business. Whether Plaintiffs can prove they have been damaged, is a matter best
10 addressed by way of a motion for summary judgment.

11 Accordingly, the Court denies the motions to dismiss the promissory estoppel claim.

12 **5.    The Court Dismisses, in part, the Fraud and Negligent Misrepresentation Claims.**
13

14 In order to state a claim for fraud, Plaintiffs must allege facts showing that the
15 Defendants: (1) made a misrepresentation to Plaintiffs; (2) Defendants knew the representations
16 was false; (3) Defendants intended to induce Plaintiffs to rely on the misrepresentation; (4)
17 Plaintiffs justifiably relied on the misrepresentation; and (5) damages. *Lovejoy v. AT&T Corp.*,
18 92 Cal. App. 4th 85, 93 (2001) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)).
19 "The same elements comprise a cause of action for negligent misrepresentation, except there is
20 no requirement of intent to induce reliance." *Caldo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th
21 513, 519 (2004). Plaintiffs must comply with the heightened pleading standards of Rule 9(b),
22 and they must allege each Defendants' role in the alleged fraud. *See Schwartz v. KPMG LLP*,
23 476 F.3d 756, 764-65 (9th Cir. 2007).

24 Defendants argue that Plaintiffs fail to meet these pleading standards. The Court
25 disagrees. Specifically, Plaintiffs allege that Wells Fargo fraudulently represented that in
26 January 2011, Wells Fargo had advised them that there was no trustee's sale scheduled, when in
27 fact one was scheduled for January 13, 2011. Plaintiffs also allege that they were told that sale
28 had been halted, when in fact it was not. (*See* FAC ¶¶ 35, 45-46, 55-57, 96-97.) Plaintiffs seek

11

to hold Freddie Mac and Cal-Western liable on theories of agency and aiding and abetting. (*Id.* ¶¶ 101-102, 109-110.) As to Cal-Western, Plaintiffs allege that it "substantially assisted and encouraged Wells Fargo's fraudulent actions, including, without limitation, conducting the trustee's sale of the Property, conveying the Property title to Freddie Mac, and publicly declaring ... that the alleged January 13, 2010 [*sic*] trustee's sale was not postponed and that it was proper." (FAC ¶ 101.)

The focus of Plaintiffs' fraud claim is the allegation that they were told that there was no trustee's sale scheduled in January, when in fact Wells Fargo knew one was scheduled for January 13, 2011 and when it knew that the trustee's sale was going forward. Plaintiffs also allege that Freddie Mac owned the Deed of Trust. In essence, Plaintiffs argue that Wells Fargo was Freddie Mac's agent and that Freddie Mac was aware of and authorized the statements regarding the fact that the trustee's sale would not go forward and that those statements were false. Under Rule 9(b), intent, knowledge and other conditions of a person's state of mind can be alleged generally. In addition, for the reasons discussed above in connection with the promissory estoppel claim, the Court concludes that Plaintiffs have adequately alleged that they reasonably relied on and were injured as a result of the allegedly false representations. Accordingly, the Court concludes Plaintiffs have stated a claim against Freddie Mac and Wells Fargo. However, the Court concludes that Plaintiffs do not state a claim against Cal-Western. There are no allegations that Cal-Western knew of the alleged fraudulent misrepresentations or that its conduct breached an independent legal duty to Plaintiffs. Further, as stated above, the allegations of "robo-signing" are insufficient.

Accordingly, the Court grants, in part, and denies, in part, the motion to dismiss the fraud and negligent misrepresentation claims.

### 6. The Court Dismisses the Negligence Claim.

Plaintiffs also assert a claim for negligence against Wells Fargo, Freddie Mac and Cal-Western. According to Plaintiffs Wells Fargo acted as Freddie Mac's agent and loan servicer, and Cal-Western acted as Wells Fargo's agent. (FAC ¶ 116.) In order to state a claim for negligence, Plaintiffs must allege facts that show: (1) each of these Defendants owed them a

1  legal duty to use due care; (2) the Defendants breached that duty; and (3) Defendants' breach
2  was the proximate cause of Plaintiffs' injury. *See, e.g., Ladd v. County of San Mateo*, 12 Cal.
3  4th 913, 917 (1996).

4  Each of the Defendants move to dismiss on the basis that they did not owe Plaintiffs a
5  duty of care. "[A]s a general rule, a financial institution owes no duty of care to a borrower
6  when the institution's involvement in the loan transaction does not exceed the scope of its
7  conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*,
8  231 Cal. App. 3d 1089, 1096 (1991); *see also Resolution Trust Corp. v. BVS Dev.*, 42 F.3d
9  1206, 1214 (9th Cir. 1994) (citing *Nymark*, 231 Cal. App. 3d at 1096). "Special circumstances
10 arise when the lender 'actively participates in the financed enterprise beyond the domain of the
11 usual money lender.'" *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1153 (E.D. Cal. 2010)
12 (quoting *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980)).

13 Plaintiffs contend that because Wells Fargo is a participant in the Home Affordable
14 Modification Program ("HAMP"), it has gone beyond its usual role of a money lender.
15 However, Plaintiffs do not allege that Defendants acted negligently in connection with the loan
16 modification process. Rather, the allegations relate to the manner in which the Defendants
17 acted with respect to the foreclosure. Further, to the extent the Plaintiffs rely on the allegations
18 of robo-signing, the Court already has found those allegations to be insufficient. The Court
19 concludes that Plaintiffs have not alleged facts to show the existence of a legal duty. *Cf.
20 Castaneda v. Saxon Mortgage Serv., Inc.*, 687 F. Supp. 2d 1191, 1197-98 (E.D. Cal. 2009)
21 (dismissing negligence claim and finding no duty where plaintiffs alleged, *inter alia*, that
22 defendants failed to properly create documents).

23 Accordingly, the Court grants the motions to dismiss the negligence claim.

24 **6.    The Court Dismisses, in Part, the Section 17200 Claim.**

25 California's Unfair Competition Law, California Business & Professions Code § 17200
26 ("17200"), establishes three varieties of unfair competition – acts or practices that are unlawful
27 or unfair or fraudulent. Because the law is stated in the disjunctive, it contemplates three
28 distinct categories of unfair competition, and a plaintiff must plead the specific rubric under

13

which the proscribed conduct falls. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 180 (Cal. 1999).

The Court has concluded that Plaintiffs have stated a claim for wrongful foreclosure against Freddie Mac and Wells Fargo, based on the fact that Wells Fargo was not the proper beneficiary and, thus, lacked the authority to substitute Cal-Western as Trustee and lacked the authority to foreclose. Plaintiffs allege that, as a result of this conduct, they lost the Subject Property. These allegations if true, could support a claim for violations of Section 17200 under either the unlawful or unfair prong as to those defendants. However, the Court has dismissed all underlying claims asserted against Cal-Western and LSI, and, thus, Plaintiffs do not allege facts supporting a Section 17200 claim against those defendants.

Accordingly, the Court grants, in part, and denies, in part, Defendants' motions to dismiss this claim.

### 7. The Court Dismisses the Claim for Declaratory Relief.

In their claim for Declaratory Relief, Plaintiffs seek a declaration from the Court that Freddie Mac was the beneficiary under the Deed of Trust, that LSI and Cal-Western did not have proper authority to initiate non-judicial foreclosure proceedings, that the Trustee's Sale that occurred on January 13, 2011 and the Trustee's Deed Upon Sale are void, and that Plaintiffs are not required to tender the full amount of the loan. (FAC ¶ 128.) At the hearing, Plaintiffs argued that they seek a declaration that so that they may use such a ruling to defend against the pending unlawful detainer action.

Declaratory relief is inappropriate where other adequate remedies are available to redress past conduct. *See Harara v. ConocoPhillips Co.*, 377 F. Supp. 2d 779, 796 n.21 (N.D. Cal. 2005). Moreover, a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims would fully and adequately determine all matters actually in controversy between the parties. *See Schlessler v. Keck*, 125 Cal. App. 2d 827, 837 (1954); *see also Mangindin v. Washington Mut. Bank*, 687 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009). It is evident from the FAC and from Plaintiffs' argument, that the relief they seek under this claim is commensurate with the relief they seek in connection with their wrongful foreclosure claim.

14

Accordingly, the Court finds that this claim is duplicative and unnecessary, and grants the motions to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted, in part, and denied, in part. Plaintiffs asked for leave to amend, and the Court normally should grant leave to amend freely. However, Plaintiffs already have amended their claims once. At the hearing, the Court gave Plaintiffs the opportunity to explain what additional facts, if any, they would seek to include in a second amended complaint. Based on Plaintiffs' representations at the hearing, the Court finds that it would be futile to allow Plaintiffs to amend the claims that the Court has dismissed. Accordingly, the claims for breach of contract and negligence are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 30, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE