UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERTA SOHAL,　　　　　　　　　　　　No. C 11-01941 JSW (DMR)

　　　　　Plaintiff(s),　　　　　　　　　　**ORDER RE JOINT DISCOVERY LETTER OF AUGUST 10, 2012**

　　v.

FEDERAL HOME LOAN MORTGAGE CORPORATION,

　　　　　Defendant(s).
_____/

The parties in this wrongful foreclosure action have filed a joint discovery letter concerning two disputes: (1) Defendant Wells Fargo, N.A.'s ("Wells Fargo") responses to Plaintiffs' Request for Production, Set One, No. 3, and (2) Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") responses to Plaintiffs' Requests for Production, Set One, Nos. 1-11. [Docket No. 82.] The court held a hearing on September 13, 2012. This order memorializes the rulings made at the hearing.

**I. Background**

Plaintiffs bring this case for wrongful and fraudulent foreclosure to challenge Wells Fargo and Freddie Mac's attempts to evict Plaintiffs and others from the property at issue ("the Property"). In December 2007, Plaintiffs obtained a loan from Wells Fargo to purchase the Property. (Am. Compl. ¶¶ 21-22.) The Deed of Trust, (Am. Compl. Ex. C), identifies the "Lender" as Wells Fargo

and provides that the "Lender is the beneficiary under this Security Instrument." (Am. Compl. ¶ 37.) It also provides that Fidelity National Title Insurance Company ("Fidelity") is the Trustee and that the "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder, by an instrument executed an acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located." (Am. Compl. Ex. C at 16.) Plaintiffs allege that Wells Fargo sold the Promissory Note, (Am. Compl. Ex. B), and the Deed of Trust to Freddie Mac shortly after Plaintiffs obtained the loan and before non-judicial foreclosure proceedings began. (Am. Compl. ¶¶ 24, 36, 78.)

In 2009, Plaintiffs fell behind on their loan payments. (Am. Compl. ¶ 30.) In June 2010, former Defendant Cal-Western Reconveyance Corporation ("Cal-Western"), "as Attorney-in-Fact" for Wells Fargo, executed a Substitution of Trustee, (Am. Compl. Ex. E), which purported to substitute Cal-Western as Trustee for Fidelity. That document states that Wells Fargo (and not Freddie Mac) is the "present beneficiary" under the Deed of Trust. (Am. Compl. ¶ 40.) The document was notarized on August 16, 2010 and recorded eight days later. (Am. Compl. ¶ 40.) Plaintiffs allege that the Substitution of Trustee was "robo-signed." (Am. Compl. ¶ 41.)

On June 19, 2010, Cal-Western, through former Defendant LSI Title Company ("LSI"), signed a Notice of Default, which specifies that Cal-Western "is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust dated December 12, 2007." The notice of default was recorded two days later. (Am. Compl. ¶ 38.) Plaintiffs allege that the Notice of Default was "robo-signed." (Am. Compl. ¶ 39.)

Cal-Western recorded a Notice of Trustee's Sale for October 12, 2010, which Plaintiffs also allege was robo-signed. (Am. Compl. ¶¶ 42-43.) Notwithstanding Wells Fargo's alleged representations to Plaintiffs that no trustee's sale was scheduled and later that the scheduled trustee's sale was halted, a trustee's sale went forward on January 13, 2011. (Am. Compl. ¶¶ 56-57.) According to Plaintiffs, they learned of the sale on January 18, 2011, when a Cal-Western representative informed them that the Property had "reverted back to Wells Fargo." (Am. Compl. ¶ 64.) However, Plaintiffs allege that Freddie Mac actually purchased the Property. (Am Compl.

¶ 60.) On or about February 1, 2011, Freddie Mac served a Notice to Quit and subsequently filed an unlawful detainer action currently pending in state court. (Am. Compl. ¶ 66.)

In this case, Plaintiffs bring claims for wrongful foreclosure, promissory estoppel, fraud, negligent misrepresentation, and violations of California Business and Professions Code § 17200.

**II. Plaintiffs' Request for Production, Set One, No. 3 to Defendant Wells Fargo**

Plaintiffs' Request for Production ("RFP") No. 3 asks for "[a]ny and all DOCUMENTS or other writings of any nature whatsoever reflecting or in any way discussing any agreement or arrangement between Freddie Mac and WELLS FARGO regarding the LOAN on the PROPERTY." [Docket No. 82 Ex. A at 1.] Wells Fargo produced a single document in response to this Request: a 48-page fully redacted "loan purchase agreement," with only three pages with partial redactions.

**A. The Parties' Contentions**

According to Plaintiffs, the question of whether the subject foreclosure sale was void lies at the heart of the case. To demonstrate that it was void, Plaintiffs hope to establish that Freddie Mac was the beneficiary under the Deed of Trust with the power of sale, rather than Wells Fargo, the party that represented that it was the beneficiary with the power of sale. Freddie Mac acknowledges that it purchased the loan from Wells Fargo and that it is the beneficiary under the Deed of Trust. Nevertheless, Defendants argue that Wells Fargo's execution of the substitution of trustee was valid because it was the authorized agent, as servicer, for Freddie Mac. To resolve this dispute, Plaintiffs believe that "the terms of the loan purchase and sale, loan servicing, and alleged agency agreements between the Defendants are highly relevant" and that Wells Fargo should produce them.

Plaintiffs also contend that Wells Fargo possesses responsive documents beyond the single document it produced. For example, during the deposition of Wells Fargo's representative, the deponent testified that Defendants exchanged numerous emails and used a software program called WBII to service the subject loan. Plaintiffs believe that the emails and program data relating to the servicing and foreclosure of the loan are relevant. Likewise, Freddie Mac's loan servicing guide required Wells Fargo to submit numerous servicing reports to Freddie Mac which Plaintiffs state that Wells Fargo should now produce. Plaintiffs make a similar argument regarding Wells Fargo call logs, which indicate that the bank analyzed the subject loan based on investor guidelines. As

3

1 Freddie Mac is the investor, Plaintiffs aver that Wells Fargo should produce "any such guidelines,
2 policies, and other similar documents."

3 Defendants do not to contest the relevancy of Plaintiffs' requests, but merely insist that the
4 redacted portions of the loan purchase agreement contain private consumer financial data of third
5 parties, which is irrelevant to Plaintiffs' case and cannot be released without the express consent and
6 authorization of each individual in the agreement. According to Defendants, to provide that
7 information would violate the California Financial Information Privacy Act ("FIPA"), Cal. Fin.
8 Code § 4050 *et seq.*, the federal Right to Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.*, and the
9 Graham Leach Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*

10 Plaintiffs argue that the operative protective order will sufficiently protect any confidential
11 information that Wells Fargo improperly redacted. They also assert that the redactions are not
12 "private consumer financial information," and that, even if privacy rights protected the redacted
13 consumer information, the right to privacy is not a recognized privilege under federal or California
14 law. Similarly, they contend that production of the information would not violate FIPA, RFPA, or
15 GLBA.

16 **B. Analysis**

17 The information that Plaintiffs seek is relevant to their causes of action, and is tailored to the
18 specific property and loan at issue. With respect to the loan purchase agreement, Defendants'
19 concern that the disclosure of private consumer financial data therein would violate FIPA, RFPA,
20 and GLBA is unfounded. Section 4057 of the California Financial Code, which governs FIPA,
21 explicitly states that a financial institute may release nonpublic personal information "to comply
22 with federal . . . laws, rules, and other applicable legal requirements; to comply with a properly
23 authorized civil . . . summons by federal . . . authorities; or to respond to judicial process . . . having
24 jurisdiction over the financial institution for examination, compliance, or other purposes as
25 authorized by law." Cal. Fin. Code § 4057(b)(7). RFPA likewise does not apply to disclosures
26 made to a court, *Mead v. City First Bank of D.C., N.A.*, 616 F. Supp. 2d 78, 79-80 (D.D.C. 2009),
27 and GLBA authorizes the disclosure of otherwise protected information for court proceedings.
28 *Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 495-97 (S.D. W. Va. 2003) (citing 15

1  U.S.C. § 6802(e)(8)). The court therefore orders Wells Fargo to produce the agreement in its
2  entirety, subject to the operative protective order. Wells Fargo may redact only third-party borrower
3  names, loan interest rates, and monthly loan and principal interest payments.

4  In addition, Wells Fargo must produce all other responsive documents, including but not
5  limited to emails, reports, and program data. Wells Fargo's production must occur by September 28,
6  2012, and shall be accompanied by a sworn declaration that it performed a diligent, reasonable
7  search and produced all responsive documents within its possession, custody or control.

**II. Plaintiffs' Requests for Production, Set One, Nos. 1-11 to Defendant Freddie Mac**

Plaintiffs' RFPs Nos. 1-11 broadly ask for all documents relating to the purchase of, and any agreement or arrangement concerning, the loan and the subject property. [Docket No. 82 Ex. A at 4-9.] In response, Freddie Mac produced only a website link to the present edition of its online "Single-Family Seller/Servicer Guide" ("the Guide").

**A. The Parties' Contentions**

According to Plaintiffs, the Guide contains the relevant terms of the purchase and servicing of the loan. Consequently, Plaintiffs argue that Freddie Mac should produce the version that was operative at the time of the loan purchase (February 2008) and the foreclosure process.

Plaintiffs also argue that other responsive documents must exist, because Freddie Mac directed Wells Fargo to review all of its foreclosure policies and procedures, remedy any deficiencies, and report back. Plaintiffs believe Freddie Mac "must be in possession and control of the required reports, correspondence, and transmissions from Wells Fargo regarding the servicing and foreclosure of the subject loan" and, therefore, must produce the documents. Plaintiffs apply the same reasoning to the calls and emails that Wells Fargo admitted that it exchanged with Freddie Mac regarding various postponements of the foreclosure sale.

Freddie Mac objects to Plaintiffs' requests as burdensome because its only involvement with the loan was that of an investor. It asserts that it was not involved in the non-judicial foreclosure, which Wells Fargo handled as its agent. Freddie Mac also insists that it has no further documents to produce.

Plaintiffs reply by arguing that "[t]he label 'investor' has no legal significance in California's statutory non-judicial foreclosure law," and that Freddie Mac has admitted that it is the beneficiary that holds the power of sale under California's foreclosure statutes."

**B. Analysis**

The information that Plaintiffs seek from Freddie Mac is relevant to the claims and defenses in this matter, and is tailored to the specific property and loan at issue. The court orders Freddie Mac to produce all responsive documents, even if it believes that Wells Fargo also has copies of them within its possession, custody, or control. It also must provide Plaintiffs with an index to the Guide. Plaintiffs shall present Freddie Mac with a list of relevant subjects so that Freddie Mac may identify responsive provisions of the Guide and produce the relevant historic versions. Freddie Mac must complete these productions by September 28, 2012 and simultaneously provide Plaintiffs with a sworn declaration that it performed a diligent, reasonable search and produced all responsive documents within its possession, custody or control.

IT IS SO ORDERED.

Dated: September 18, 2012



_____
DONNA M. RYU
United States Magistrate Judge