IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERTA SOHAL, et al.,

    Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,

    Defendants.

No. C 11-01941 JSW

**NOTICE OF QUESTIONS FOR HEARING ON MOTIONS FOR SUMMARY JUDGMENT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 9, 2012 at 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties each shall have twenty (20) minutes to address the questions that follow.

1. The Substitution of Trustee identifies Wells Fargo as the "present beneficiary" under the Deed of Trust. What is the import, if any, of the fact that Wells Fargo did not execute an assignment of the Deed of Trust in favor of Freddie Mac until January 13, 2011?

2. Defendants argue that, notwithstanding the provisions of California Civil Code Section 2934, the parties could - and did - contractually create their own substitution procedure. In support of this argument, Defendants cite to Section 24 of the Deed of Trust, which provides that "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument *executed and acknowledged by Lender...*"

   Once Wells Fargo sold the Promissory Note and Deed of Trust to Freddie Mac, did Wells Fargo legally remain the "Lender?" If not, what is Defendants' best argument that the parties complied with the terms Section 24 when the Substitution of Trustee was executed? That is, where in the record is there evidence that the Substitution of Trustee was "executed and acknowledged" by Freddie Mac? The Court notes that it is troubled by the fact that the Substitution of Trustee identifies Wells Fargo as the "present beneficiary" and does not suggest that Wells Fargo is acting on behalf of Freddie Mac.

3. California courts have concluded that "[n]either Civil Code section 2934a, which governs the substitution of trustees, ... precludes an attorney-in-fact from signing a Substitution of Trustee. *Aceves v. U.S. Bank, N.A.*, 193 Cal. App. 4th 218, 232 (2011) (citing cases). In *Aceves*, the trust deed also did not preclude an attorney-in-fact from signing a substitution of trustee. How do Plaintiffs distinguish *Aceves*?

4. Defendants argue that "the law is clear that technical defects in the foreclosure process do not render the trustee's sale void absent actual prejudice," and that Plaintiffs have not shown the alleged irregularity in the foreclosure proceedings resulted in prejudice. *See, e.g., Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests").

   a. Do Defendants have any authority that the defect or irregularity alleged by Plaintiffs, *i.e.* that Cal Western was not the proper Trustee, is a "technical" or "procedural" defect in the proceedings?

   b. Do Defendants have any authority where courts have required a showing of prejudice if a plaintiff has established that a trustee's sale was void, rather than voidable?

5. Plaintiffs ask the Court not to consider any evidence created after the Declaration of Colleen Kelley, dated May 6, 2011, and offered in support of this motion, which characterize Wells Fargo as Freddie Mac's agent. (Plaintiffs' Opp. Br. at 3-18-21.) The Court wants to confirm that the *only* evidence Plaintiffs seek to exclude is any evidence proffered by Defendants to support their argument that Wells Fargo acted as Freddie Mac's agent when it began to pursue non-judicial foreclosure proceedings. Is that a correct understanding of Plaintiffs' position?

6. a. With respect to Plaintiffs' claims for fraud and negligent misrepresentation, what are the specific statements that Plaintiffs allege are fraudulent?

   b. Ms. Lockett attested that, after the conversation that she had with Kevin on January 11, 2011, she was told that the Trustee's Sale had been postponed. What

2

    is Defendants' best argument that this does not present a genuine issue of disputed material fact on that aspect of the fraud and negligent misrepresentation claims?

  c. What actions did Plaintiffs take, or fail to take, in purported reliance on the alleged promises to negotiate with them to modify their loan and to postpone the Trustee's Sale?  In responding to this question, Plaintiffs shall be prepared to support their position with evidence in the existing record.

**IT IS SO ORDERED.**

Dated: November 8, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE