IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERTA SOHAL, et al.,

    Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,

    Defendants.

                                                   /

No. C 11-01941 JSW

**ORDER IN ADVANCE OF FINAL PRETRIAL CONFERENCE**

    The Court has begun to consider the parties' pretrial filings, and in light of several disputes raised by way of motions in limine and final jury instructions, the Court HEREBY ORDERS that the parties shall be prepared to address the following issues at the pretrial conference. The parties shall not submit further briefing on these issues, absent an Order from the Court.

    1.    Defendants argue that Wells Fargo remained the beneficiary of record until January 11, 2011. Similarly, in the opposition to Plaintiffs' motion in limine number 2, the Defendants contend that *if the Court finds* that Wells Fargo was not the beneficiary of record at the time the Substitution of Trustee was executed, the evidence the plaintiffs seek to exclude is relevant to the issue of agency. In its Order denying the motion for summary judgment, the Court found, as a matter of law, that Freddie Mac was the beneficiary under the Deed of Trust as of February 2008. (Docket No. 102, Order at 10:3-14.) That fact impacted the Court's ruling on the wrongful foreclosure claim, and Defendants never moved for leave to file a motion for reconsideration.

**On what basis do the Defendants argue this Court's ruling can, or should, be revisited?**

2. a. Plaintiffs' theory of this case has been that the foreclosure sale was void, and the Court has understood that Plaintiffs seek to set aside that sale as a remedy. Is the Court correct that this is one of the remedies that Plaintiffs seek?

b. The Court understands that Defendants contend that Plaintiffs must show prejudice to prevail on the wrongful foreclosure claim. What is Defendants' best argument that, in light of Plaintiffs' theory that the foreclosure sale was void, rather than voidable, prejudice is required. *Cf. Dimock v. Emerald Properties, LLC,* 81 Cal. App. 4th 868, 877-78 (2000)? Does the fact that *Dimock* involved an action for quiet title distinguish it from this case, which asserts a claim for wrongful foreclosure?

c. In *Herrera v. Federal National Mortgage Ass'n*, 205 Cal. App. 4th 1495 (2012), the court stated that even if plaintiffs had shown that an assignment of a deed of trust and substitution of trustee were void, plaintiffs would still be required to show prejudice to prevail on a claim for wrongful foreclosure. On what basis, other than the fact that *Hererra* is a MERS case, would Plaintiffs distinguish *Herrera*?

3. Plaintiffs proposed final jury instructions state that they are seeking damages for *claims* of intentional and negligent infliction of emotional distress. (*See* Docket No. 117 at 14, 21.) Plaintiffs' First Amended Complaint does not include such claims, and Plaintiffs have never moved to amend their complaint to include those claims. On what basis do Plaintiffs contend they can pursue these *claims*? Or, are Plaintiffs merely seeking emotional distress damages as a *remedy* for the wrongful foreclosure claim?

**IT IS SO ORDERED.**

Dated: January 23, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2