1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERTA SOHAL, et al.,

      Plaintiffs,

  v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION,et al.,

      Defendants.

_____/

No.  C 11-01941 JSW

**COURT'S PROPOSED
PRELIMINARY JURY
INSTRUCTIONS**

      The parties are HEREBY ADVISED that the following constitutes the Court's Proposed

Preliminary Jury Instructions.  Any objections to these proposed preliminary jury instructions,

including the language emphasized in the "Conduct of the Jury" instruction, must be filed in

writing by no later than Monday, February 4, 2013.

      **IT IS SO ORDERED.**



Dated:   January 23, 2013

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs claim that the Defendants wrongfully foreclosed on their property, **as Wells Fargo, by foreclosing on a loan it had sold to Freddie Mac[1]**, and should return their property to them, along with monetary damages. The Plaintiffs have the burden of proving these claims. The Defendants deny those claims and also contend that the foreclosure was conducted in accordance with the law. The Defendants have the burden of proof on these affirmative defenses.

The Plaintiffs deny Defendants' affirmative defenses.

---

[1]    **The Court notes for the parties benefit that the language in bold appears incomplete.**

4

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**

For the Northern District of California

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

6

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

United States District Court

For the Northern District of California

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    whether there are statements previously made by the witness that are inconsistent with the testimony of the witness;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**United States District Court**
For the Northern District of California

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. That is, you as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide this case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone. **However, you may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion. You are to keep an open mind throughout the case until you have fully deliberated.** After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, smart phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family, friends and co-workers. You may not communicate with anyone about the case on your cell phone, smart phone, or Blackberry, through e-mail, text messaging, or on Twitter, or through any blog or website, including, but not limited to, Facebook, Google+, MySpace, LinkedIn, or You Tube. You may not use any similar technology or social media,

even if I have not specifically mentioned it here.  I expect you will inform me if, and as soon as, you become aware of another juror's violation of these instructions.

In addition, because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it.  I hope that for all of you this case is interesting and noteworthy.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**United States District Court**
For the Northern District of California

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

17

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the Defendants may cross-examine.  Then the Defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.