IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERTA SOHAL, et al.,

    Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,

    Defendants.

No. C 11-01941 JSW

**ORDER RE MOTIONS IN LIMINE**

The Court has considered the parties' motions in limine, the opposition briefs, and relevant legal authority, and it finds that several of the motions in limine can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court shall not hear oral argument on any motion in limine that it definitively resolves in this Order, and this Order shall constitute the Court's final ruling on those motions.

The Court also issues its tentative ruling on several motions in limine and the parties shall be prepared to address any questions set forth in this Order at the Final Pretrial Conference. They shall not submit additional briefing on these questions.

**Final Rulings on Plaintiffs' Motions in Limine**

1. The Court **grants**, as unopposed, the motion to exclude any written evidence of agency not produced in discovery. (Docket No. 119.) However, the Court notes that this ruling shall apply to all parties and all evidence. That is, any evidence requested, but not produced in discovery, shall not be admitted at trial. If any party objects to the admission of evidence on

this basis, the objection must be supported with the specific discovery request and the responses thereto.

    2.    The Court **denies** the motion exclude evidence regarding the character of Taj Lockett (Docket No. 122) on the basis that this evidence is relevant to Ms. Locket's credibility, whether or not she testifies at trial.

    3.    The Court **grants, in part, as unopposed** the motion to preclude the expert testimony of Julia Leah Greenfield (Docket No. 123) and shall exclude any testimony regarding categories 2 through 5 of Ms. Greenfield's report. Any evidence by Ms. Greenfield regarding Ms. Lockett shall be governed by the ruling on Plaintiffs' motion in limine number 2, as set forth above. The Court shall permit testimony on categories 1 and 8, but any such testimony shall be limited to standard industry practices.

**Tentative Rulings on Plaintiffs' Motions in Limine**

    1.    To exclude evidence that Plaintiffs' lacked the ability to cure the loan default (Docket No. 120): The Court **tentatively denies** the motion. However, the Court is **tentatively inclined** to permit Plaintiffs to explain why they did not cure the alleged default, if Defendants introduce such evidence.

    2.    To exclude unwritten evidence of agency regarding the beneficial interest in the deed of trust (Docket No. 121): The Court **tentatively denies** the motion on the basis that the statute of frauds does not apply, and unwritten evidence would be relevant to whether Wells Fargo was authorized to act as Freddie Mac's agent in a beneficiary capacity.

        a.    Plaintiffs refer the Court to Section 66.17 of Freddie Mac's servicing guide. Do Defendants contend that they complied with the second full paragraph of that provision and, if so, is there evidence of such an assignment?

**Tentative Rulings on Defendants' Motions**

1.    To exclude any and all evidence of emotional distress including expert testimony by Brenda Wade and Roger Freed (Docket No. 109): The Court **tentatively grants** this motion.

        a.    What is Plaintiffs' response to question 3 of the Order in Advance of Pretrial Conference (Docket No. 144)?

    b.    Courts have held that, where economic injury is involved, "'unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by [breach of the independent duty]. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests.'" *Ehrlich v. Menzies*, 24 Cal.4th 543, 555 (1999) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 985 (1993); *see also Stoiber v. Honeychuck*, 101 Cal. App. 3d 903 (1980) (noting that landlord had duty to tenant to maintain premises in safe and habitable condition). What evidence can Plaintiffs put forth, if any, to show that Defendants owed them a special duty such that emotional distress damages would be warranted?

2. To exclude testimony regarding wrongful foreclosure on theories other than the ones presented in Plaintiffs' motion for summary judgment (Docket No. 110): The Court **tentatively denies** this motion, but would be inclined to require a limiting instruction that it goes solely to the issue of whether the defendants acted with malice or oppression.

3. To exclude testimony regarding Plaintiffs' business and the nature thereof (Docket No. 111): The Court **tentatively denies** this motion, but would be inclined to require a limiting instruction that it goes solely to the issue of whether the defendants acted with malice or oppression.

4. To exclude evidence of the unlawful detainer proceedings (Docket No. 112): The Court tentatively grants this motion.

    a.    Do Defendants contend that Plaintiffs have not asserted a *claim* for unlawful detainer?

    b.    The elements of a tort claim for wrongful eviction are: (1) a plaintiff's peaceable possession, and (2) the defendant's forcible entry. *See Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App.4th 1004, 1040. What is Plaintiffs' best argument that Defendants' purported knowledge of the nature of

3

their business would support the "forcible entry" element of this claim, given that they and their tenants have not been evicted?

c. Are Plaintiffs really contending that the unlawful detainer proceeding amounted to malicious prosecution? *See Bertero v. National General Corp.*, 13 Cal. 3d 43, 50 (1974) (elements of a malicious prosecution claim are: (1) defendant commenced a previous action and pursued it to a legal termination in plaintiff's favor; (2) defendant brought the action without probable cause; and (3) defendant initiated the action with malice).

**IT IS SO ORDERED.**

Dated: January 24, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4