IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA SOHAL, et al., | |
| Plaintiffs, | No. C 11-01941 JSW |
| v. | **COURT'S INTENDED VOIR DIRE** |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, et al., | |
| Defendants. | |

The parties are HEREBY ADVISED that the following constitutes the Court's Intended Voir Dire. Any objections to the intended voir dire must be filed in writing by no later than Monday, February 4, 2013.

**IT IS SO ORDERED.**

Dated: January 25, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

This case involves a claim by the Plaintiffs, Roberta Sohal and Michael Wright, that the Defendants, Wells Fargo, N.A., and Federal Home Loan Corporation, also known as Freddie Mac, wrongfully foreclosed upon their property located at 8552 Briarwood Lane, Dublin, California 94568. I will refer to the Plaintiffs as Ms. Sohal and Mr. Wright, and I will refer to the Defendants as Freddie Mac and Wells Fargo, during the rest of this voir dire process.

Wells Fargo, originally entered into the loan with Michael Wright in December 2007. Wells Fargo then sold the loan to Freddie Mac in February 2008. At the time he entered into the loan with Wells Fargo, Mr. Wright and his wife Ms. Sohal also signed a Deed of Trust pledging the Briarwood Lane property as security for the loan. Michael Wright defaulted on his promise to repay the loan. The property was foreclosed on in January 2011.

Plaintiffs contend that the foreclosure was wrongful and seek to void - set aside – the sale and seek compensation for the damages caused by the wrongful foreclosure. Defendants contend that the foreclosure was proper, and that Plaintiffs have not suffered damages as a result of the foreclosure.

**QUESTIONS TO PANEL**

1. Has any member of the panel heard or read anything about the case?
2. My trial hours are 8:00-1:30 on Monday through Thursday. This case is expected to last at least three court days. Do any of you believe that the length of this trial will pose an undue hardship for you?
3. The attorney representing Mr. Wright and Ms. Sohal, is Phillip G. Vermont of Randick, O'Dea & Tooliatos, LLP, in Pleasanton, California.
    a) Do any of you, or any member of your family, know Mr. Wright, Ms. Sohal or Mr. Vermont?
    b) Have any of you, or any member of your family, had any business dealing with them or been represented by Mr. Vermont or members of his firm?
    c) Have any of you had any other similar relationship or business connection with any of them?

4. The attorneys representing Wells Fargo and Freddie Mac are Mark Wraight and Thomas Abbott of Severson & Werson, in San Francisco, California.

   a) Do any of you, or any member of your family, know Mr. Wraight or Mr. Abbott?

   b) Have any of you, or any member of your family, had any business dealings with Freddie Mac or Wells Fargo?

   c) Have any of you, or any member of your family, had any business dealings or been represented by Mr. Wraight, Mr. Abbott, or any other member of the Severson & Werson firm?

   d) To the best of your knowledge, do any of you, or any member of your family, own any stock or other interest in Wells Fargo or Freddie Mac?

   e) To the best of your knowledge, are any of you, or any member of your family, related to any officer, director, or employee of Wells Fargo or Freddie Mac?

5. During the trial, the parties may call the following witnesses: Colleen M. Kelley; Yvonne J. Wheeler, Matthew R. Overton, Dean Meyer, Dr. Brennda Wade, Jason Short, Renee Belecastro, Ali Zebila, Dr. Roger Freed, Thomas Lambert, Julie Greenfield, and Mike Valentine.

   a) Do any of you know any of these persons?

6. As I indicated, my name is Jeffrey S. White. Do any of you know me?

7. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?

8. Are any of you familiar with the places or property mentioned in this case, 8552 Briarwood Lane, Dublin, California?

9. Do any of you believe that a case of this nature should not be brought into court for determination by a jury?

10. Do any of you have any belief or feeling toward any of the parties, attorneys or witnesses that might be regarded as a bias or prejudice for or against any of them?

11. Do any of you have any interest, financial or otherwise, in the outcome of this case?

12. Have any of you served as a juror or witness involving any of these parties, attorneys or witnesses?

13. Have any of you, any member of your family, or a close friend done business as a corporation or company?

14. The fact that a corporation or company is a party in this case must not affect your deliberations or your verdict. You may not discriminate between corporations or companies and natural individuals. Both are persons in the eye of the law and both are entitled to have a fair and impartial trial based on the same legal standards. Do any of you have any beliefs or feelings for or against corporations or companies that might prevent you from being a fair and impartial juror in this case

15. Have any of you or, to your knowledge, has any member of your family or a close friend ever sued anyone, or presented a claim against anyone, in connection with a matter similar to this case, including but not limited to a dispute over a home loan? Is there any thing about that experience that might prevent you from being a fair and impartial juror in this case?

16. Have any of you, any member of your family or a close friend been involved in a foreclosure? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

17. Have any of you, any member of your family or a close friend been involved in litigation relating to a foreclosure? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

18. Are any of you or, to your knowledge, is any member of your family or a close friend presently involved in a lawsuit of any kind? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

19. Have any of you or, to your knowledge, has any member of your family or a close friend had any special training in:
a) loans and/or the loan mortgage industry?
b) law?

4

    c) foreclosure services?

    d) real estate transactions or sales?

    e) any and/or managing residential elder care facilities for the elderly?

    f) the banking industry?

Is there anything about that experience that might affect your ability to be a fair and impartial juror in this case?

20. Have any of you or, to your knowledge, has any member of your family or a close friend ever engaged in investigating or otherwise acting on any claims for damages

21. It may appear that one or more of the parties, witnesses or attorneys come from a particular national, racial or religious group, or may have a lifestyle different than your own. Would this in any way affect your ability to be a fair and impartial juror in this case?

22. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, including any instructions I may give you on damages and punitive damages, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

23. Having heard these questions, do any of you feel that there is anything in your own life that seems to connect or relate to some issue in this case?

    a) Is there anything about those feelings that might make it difficult for you to sit as a juror in this case or to be a fair and impartial juror?

24. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

25. Is there anything else that you would like to bring to the Court's attention (e.g., health

5

problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?