**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA SOHAL, et al., | |
| Plaintiffs, | No. C 11-01941 JSW |
| v. | **ORDER FOLLOWING PRETRIAL CONFERENCE** |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, et al., | |
| Defendants. | |

On January 28, 2013, the parties appeared for a pretrial conference, and the Court took several motions in limine under advisement. Those motions in limine related primarily to evidentiary matters surrounding Plaintiffs' requests for emotional distress damages and the unlawful detainer proceedings. When the Court raised the issue of whether Plaintiffs had pleaded claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and wrongful eviction, Plaintiffs made an oral motion to amend their First Amended Complaint ("FAC") to include those claims. In light of the Court's ruling set forth in this Order, it denies the outstanding motions in limine as moot, denies Plaintiffs' oral motion for leave to amend, and reconsiders its ruling on the parties' cross-motions for summary judgment on the wrongful eviction and UCL claims.

**1. Emotional Distress Claims and Damages.**

At the pretrial conference, the Court noted that the Plaintiffs had not designated claims for intentional infliction of emotional distress and negligent infliction of emotional distress in

1 the FAC. Plaintiffs argued that the facts to support such claims are included in the FAC.
2 Defendants did not dispute that Plaintiffs have maintained a right to recover emotional distress
3 damages as a potential remedy, but Defendants argued that Plaintiffs had not included these tort
4 claims in the FAC and had not clearly placed Defendants on notice that they were asserting
5 these claims.

6 Once a responsive pleading has been served, as is the case here, amendment requires
7 written consent of the adverse party or leave of the court. In accordance with the liberal
8 pleading standard under the Federal Rules of Civil Procedure, leave of the court "shall be
9 freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or
10 deny a motion for leave to amend is governed by the district court's discretion, the general rule
11 is that amendment of the pleadings is to be permitted unless the opposing party makes a
12 showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *See*
13 *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186
14 (9th Cir. 1987).

15 Although there is no evidence that Plaintiffs have acted in bad faith, the Court does find
16 that they have unduly delayed in asserting these claims. Plaintiffs originally filed this case in
17 April 2011, and they filed the FAC in May 2011. The facts supporting these claims were not
18 unknown to Plaintiffs at the time they filed the original and the amended complaint. Indeed,
19 they are the same facts on which they rely to assert they are entitled to emotional distress
20 damages as a remedy for the wrongful foreclosure claim. Notwithstanding that fact, Plaintiffs
21 seek to assert these claims, which were not clearly asserted in either complaint, on the eve of
22 trial. The Court finds Plaintiffs have unduly delayed in seeking to assert these claims for relief.
23 The Court also concludes that Defendants would be prejudiced if the Court permitted Plaintiffs
24 to amend at this late date. Defendants represented that Plaintiffs had not placed them on notice
25 that they were asserting these claims. Defendants also argued that these claims are tied to those

2

1  claims that were disposed of on summary judgment.[1] If Plaintiffs had put the Defendants on
2  notice, it is likely that Defendants would have proceeded differently during discovery and could
3  have filed a motion for summary judgment seeking to dispose of these claims as well.
4     Accordingly, the Court DENIES Plaintiffs' oral motion for leave to amend the FAC to
5  include these claims.
6     The Court also concludes that, even if the wrongful foreclosure claim were to go
7  forward, Plaintiffs have not established that they would be entitled to recover emotional distress
8  damages as a remedy. Courts have held that, where economic injury is involved, "'unless the
9  defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an
10 object, recovery is available only if the emotional distress arises out of the defendant's breach
11 of some other legal duty and the emotional distress is proximately caused by [breach of the
12 independent duty]. Even then, with rare exceptions, a breach of the duty must threaten physical
13 injury, not simply damage to property or financial interests.'" *Ehrlich v. Menzies*, 24 Cal.4th
14 543, 555 (1999) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 985 (1993));
15 *see also Stoiber v. Honeychuck*, 101 Cal. App. 3d 903 (1980) (noting that landlord had duty to
16 tenant to maintain premises in safe and habitable condition).
17    Plaintiffs argue that Defendants have breached the independent duty, embodied in
18 California Civil Code Section 1708, that "every person is bound by law not to injure the person
19 or property of another or infringe on any of his rights." *Munger v. Moore*, 11 Cal. App. 3d 1, 7
20 (1970). Although the Court in *Munger* cited to Civil Code Section 1708, it did so in the context
21 of recognizing that a plaintiff may be able to assert a tort claim "where a trustee illegally
22 fraudulently, or oppressively sells a property under a power of sale contained in a deed of trust,"
23 although "the traditional method by which such a sale is attached is by a suit in equity." *Id.* at
24 6-7. The court then noted that, pursuant to Civil Code Section 3333, "the measure of damages
25 for a wrong other than a breach of contract will be an amount sufficient to compensate the

---

[1] In many of the cases on which Plaintiffs rely to support their argument that they are entitled to emotional distress damages as a remedy, the plaintiff clearly asserted *claims* for intentional infliction of emotional distress and negligent infliction of emotional distress. Thus, the Court is hard pressed to find that Plaintiffs' failure to assert these claims in the FAC was a product of "inartful pleading."

3

1 plaintiff for all detriment, foreseeable or otherwise, proximately caused by the defendant's
2 wrong." *Id.* at 11. The court then held that "where a mortgagee or trustee makes an
3 unauthorized sale he and his principal are liable to the mortgagor for the value of the property at
4 the time of the sale in excess of the mortgages and liens against said property." *Id.* The
5 *Munger* case does not purport to alter the general rule on recovery for purely economic loss.

6 Accordingly, the Court concludes that Plaintiffs have not shown that they would be
7 entitled to emotional distress damages as a remedy for the wrongful foreclosure claim.

**2. Wrongful Eviction.**

At the pretrial conference, Plaintiffs conceded that they could not bring a claim for wrongful eviction, because they have not been evicted from the property and, therefore, could not establish the "forcible entry" element of the tort. *See Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1040 (2009) (elements of tort are (1) a plaintiff's peaceable possession, and (2) the defendant's forcible entry). Instead, Plaintiffs moved for leave to amend to proceed on a claim for malicious prosecution, based on the unlawful detainer proceedings. *See Bertero v. National General Corp.*, 13 Cal. 3d 43, 50 (1974) (elements of a malicious prosecution claim are: (1) defendant commenced a previous action and pursued it to a legal termination in plaintiff's favor; (2) defendant brought the action without probable cause; and (3) defendant initiated the action with malice). For the reasons set forth above, the Court again denies Plaintiffs' oral request for leave to amend on the grounds that Plaintiffs unduly delayed in asserting this claim and on the basis that Defendants would be prejudiced.[2]

**3. Wrongful Foreclosure and UCL.**

Plaintiffs' theory of this case has been that the wrong entity foreclosed on their property. Defendants argue that Wells Fargo was the "beneficiary of record" at the time of the foreclosure and, as a result, the recorded Substitution of Trustee "constitute[s] conclusive evidence of"

---

[2] Indeed, the issue of whether Defendants had probable cause to initiate the unlawful detainer proceedings is intertwined with the ultimate disposition of this case. Because the Court has determined that Plaintiffs cannot proceed on the wrongful foreclosure claim, it also would be futile to grant leave to amend to include a malicious prosecution claim.

4

Wells Fargo's authority to act. Cal. Civ. Code § 2934a(d). Defendants argue, therefore, that Plaintiffs cannot present any evidence to contradict the Substitution of Trustee. Defendants' argument has caused the Court to revisit its ruling on the motion for summary judgment, and for the reasons discussed below, the Court has determined its original ruling was manifestly erroneous.

It is undisputed that Wells Fargo sold its interest in the Promissory Note to Freddie Mac in 2008, and Plaintiffs have never contested the validity of the assignment of the Promissory Note from Wells Fargo to Freddie Mac. As the Court stated in its Order resolving the motions for summary judgment, at that point, Freddie Mac became the legal beneficiary under the Deed of Trust, even if that interest was not recorded until January 13, 2011, when Wells Fargo formally executed an Assignment of Deed of Trust in favor of Freddie Mac. "The assignment of a debt secured by mortgage carries with it the security." Cal. Civ. Code § 2396; *see also Cockerell v. Title Ins. and Trust Co.*, 42 Cal. 2d 284, 291 (1954) ("Assuming for the moment that the assignment of the note, secured by the third trust deed, was a valid assignment, no further assignment of the deed of trust was necessary.") (citing Cal. Civ. Code § 1084); *Domarad v. Fisher & Burke, Inc.*, 270 Cal. App. 2d 543, 553 (1969) (deed of trust is "a mere incident of the debt it secures and that an assignment of the debt carries with it the security" and "is inseparable from the debt") (internal quotations and citations omitted).

Moreover, in its responses to Plaintiffs' special interrogatories, Freddie Mac stated that between May 18, 2010 and January 13, 2011, it was the beneficiary under the Deed of Trust, and stated that Wells Fargo was *not* the beneficiary, without making a distinction that Wells Fargo remained the "beneficiary of record." (Docket No. 87-1, Declaration of Phillip G. Vermont in Support of Motion for Summary Judgment ("Vermont Supp. Decl."), ¶ 2, Ex. A (Freddie Mac Responses to Special Interrogatories ("Freddie Mac ROSI") 1, 3, 5-6), Ex. C (Freddie Mac Response to Request for Admissions 2.B, 2.C, 2.E, 2.F.)[3]

---

[3] Freddie Mac did not argue that this ruling was legally erroneous, and it still has not questioned the Court's legal conclusion that it became the beneficiary under the Deed of Trust once it purchased Plaintiffs' loan.

5

1   Plaintiffs take the position that, once Freddie Mac became the beneficiary under the
2   Deed of Trust, Wells Fargo no longer had the authority to substitute a trustee and, thus, the
3   foreclosure was not initiated by the proper party. Under California law, a trustee *may* be
4   substituted by the recording "of a substitution executed and acknowledged by: (A) all of the
5   beneficiaries under the trust deed, or their successors in interest...." Cal. Civ. Code §
6   2934a(a)(1)(A) (emphasis added). California law also permits parties to "lawfully contract as to
7   the form of and procedure to be employed in effecting such a substitution." *U.S. Hertz, Inc. v.*
8   *Niobrara Farms*, 41 Cal. App. 3d 68, 83-85 (1974).

9   Defendants have argued that Wells Fargo acted properly because, the Deed of Trust
10  provides that "Lender, at its option, may from time to time appoint a successor trustee to any
11  Trustee appointed hereunder, by an instrument executed and acknowledged by Lender and
12  recorded in the office of the Recorder of the county in which the Property is located."). (Docket
13  No. 87-2, Plaintiffs' Request for Judicial Notice in Support of Motion for Summary Judgment,
14  Ex. 1 (Deed of Trust at 16 § 24).) "Lender" is defined as Wells Fargo alone. However, Section
15  13 of the Deed of Trust provides that "[t]he covenants and agreements of this Security
16  Instrument shall bind ... and benefit the successors and assigns of Lender." Thus, it is not
17  entirely clear that Wells Fargo retained a contractual right to substitute a trustee.

18  However, as the Court recognized in its Order resolving the motions for summary
19  judgment, although neither the Civil Code section 2934a nor the Deed of Trust expressly give
20  another entity the right to "execute and acknowledge" a Substitution of Trustee, they also do not
21  expressly preclude an attorney-in-fact from executing a Substitution of Trustee. *See Aceves v.*
22  *U.S. Bank, N.A.,* 192 Cal. App. 4th 218, 232 (2011) (noting that statute does not preclude
23  attorney-in-fact from signing substitution on behalf of beneficiary).

24  When Cal-Western executed the Substitution of Trustee, it referred to Wells Fargo as
25  the "present beneficiary" under the Deed of Trust, rather than as a servicing agent for the
26  beneficiary (Declaration of Yvonne Wheeler ("Wheeler Decl."), ¶ 8, Ex. D ("Substitution of
27  Trustee").) Although the Court originally concluded that discrepancy, and the scope of Wells
28  Fargo's agency, created genuine issues of disputed fact, the Court has reconsidered that

6

conclusion. It is undisputed that Wells Fargo granted Cal-Western a limited power of attorney. Pursuant to that power of attorney, it granted Cal-Western the power to execute and acknowledge Substitution of Trustee where Wells Fargo was either a beneficiary *or* the servicing agent for a beneficiary. (Wheeler Decl., Ex. A.) It is undisputed that Wells Fargo was servicing the loan on Freddie Mac's behalf, and Plaintiffs admit that Wells Fargo acted as Freddie Mac's agent in that respect. (*See* Declaration of Dean Meyer, Ex. A; FAC ¶¶ 87, 92.) The fact that Cal-Western erroneously referred to Wells Fargo as the present beneficiary does not give rise to a claim for wrongful foreclosure. Plaintiffs have admitted that Wells Fargo was Freddie Mac's servicing agent. Cal-Western had the authority to execute a Substitution of Trustee where Wells Fargo was a servicing agent. Thus, the Substitution of Trustee was proper. Moreover, Plaintiffs have not established how this purported defect interfered with their ability to contest or avoid the foreclosure proceedings or interfered with their ability to attempt to reinstate their loan. *See, Herrera v. Federal National Mortgage Association*, 205 Cal. App. 4th 1495, 1507-08 (2012); *Debrunner v. Deustche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 443-44 (2012); *cf. U.S. Hertz*, 41 Cal. App. 3d at 85.

For these reasons, the Court concludes that Plaintiffs cannot - as a matter of law - prevail on their claims for wrongful foreclosure and violations of California Business and Professions Code Section 17200. Accordingly, the Court has and does reconsider its ruling denying the parties' motions for summary judgment on these claims, and GRANTS Defendants' motion in its entirety and DENIES Plaintiffs' motion.

The Court VACATES the pretrial and trial dates scheduled for March 11, 2013, and March 25, 2013, and shall enter judgment accordingly. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: February 6, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7